# UNITED STATES DISTRICT COURT

for the

Eastern District of California

FILED
Sep 10, 2026
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

In the Matter of the Search of

BLUE APPLE IPHONE WITH A BLACK CASE, CURRENTLY LOCATED AT 2000 ROYAL OAKS DR, SACRAMENTO, CA 95813

Case No. 2:26-sw-0831 CKD

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

located in the Eastern District of California, there is now concealed *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. § 841(a)(1) | Distribution of Heroin |

The application is based on these facts:

**SEE AFFIDAVIT, attached hereto and incorporated by reference.**

- ☑ Continued on the attached sheet.
- ☐ Delayed notice _____ days (give exact ending date if more than 30 days: __________ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/

*Applicant's signature*

Aaron Parker, USPIS Postal Inspector

*Printed name and title*

Sworn to and signed by telephone.

Date: September 10, 2026 at 1:31 pm

*Judge's signature*

City and state: Sacramento, California

Carolyn K. Delaney, U.S. Magistrate Judge

*Printed name and title*

Eric Grant
United States Attorney
CHARLES CAMPBELL
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Search of:<br><br>A BLUE APPLE IPHONE WITH A BLACK CASE, CURRENTLY LOCATED AT 2000 ROYAL OAKS DR, SACRAMENTO, CA 95813 | CASE NO.<br><br>AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH DEVICE |

1. I, Aaron Parker, being first duly sworn, hereby depose and state as follows:

## I. INTRODUCTION AND AGENT BACKGROUND

2. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

3. I, Aaron Parker, have been a full time sworn Postal Inspector with USPIS since May 2022. Currently, I am assigned to the Sacramento Domicile, San Francisco Division. My current assignment is to investigate the unlawful transportation of contraband, including controlled substances and proceeds of the sale of controlled substances through the United States Mail. Through my training, experience, and interaction with other experienced Postal Inspectors, Task Force Officers, and other drug investigators, I have become familiar with the methods employed by drug traffickers to smuggle, safeguard, store, transport, and distribute drugs; to collect and conceal drug-related proceeds; and to communicate with other participants to accomplish such objectives. I have received specialized training

in narcotics investigation matters including, but not limited to, drug interdiction, drug detection, and money laundering techniques and schemes.

4. In 2022, I completed seventeen weeks of training at the USPIS Career Development Unit in Potomac, Maryland. I have received training to include, but not limited to, investigation of theft, drug trafficking, burglaries, robberies, money laundering, and identity theft crimes. Through my training, experience, and interaction with other experienced Postal Inspectors, Task Force Officers, and other drug trafficking investigators, I have become familiar with the methods employed by drug traffickers to, among other things, use the mail to conduct their illegal operations.

5. I have participated in several investigations targeting individuals and organizations trafficking cocaine, marijuana, methamphetamine, and other controlled substances. During the course of these investigations, I have become familiar with the manner in which drug traffickers use the mail to conduct their illegal operations.

6. I am a "Federal law enforcement officer" within the meaning of Rule 41(a)(2)(C) of the Federal Rules of Criminal Procedure, that is, a federal law enforcement agent engaged in enforcing criminal laws and authorized to request a search warrant.

7. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## II. IDENTIFICATION OF THE DEVICE TO BE EXAMINED

4. The property to be searched is a BLUE APPLE IPHONE WITH A BLACK CASE, as further described in Attachment A, hereinafter the "Device." The Device is currently located at 2000 ROYAL OAKS DR, SACRAMENTO, CA 95813.

5. The applied-for warrant would authorize the forensic examination of the Device for the purpose of identifying electronically stored data particularly described in Attachment B.

## III. PROBABLE CAUSE

8. In October of 2025, investigators interviewed a confidential informant (CI)[1] who

---

[1] The USPIS CI is currently motivated by the possibility of receiving leniency for pending criminal charges. The CI has been interviewed by law enforcement. A portion of the interviews were in-person, and the interviewing personnel were fully aware of CI's identity, and the CI did not attempt to obscure their identity in any manner. The requirement that the CI provide only truthful information was stressed to the CI at the beginning of their cooperation. To date, no information received from the CI is

provided communications received from their source of supply (SOS). In these communications, the SOS outlined various prices and narcotics available for purchase and explained that purchased drugs would be shipped via United States Postal Service (USPS). In communications with the SOS, the CI was directed to advise the SOS their interest in continuing to purchase large quantities of methamphetamines.[2] In November of 2025, a controlled purchase of a known quantity of methamphetamines was conducted in exchange for a known amount of currency transferred to the SOS's Cash App account, which had the username "$LowR1der2o9".

9. Process served on CashApp allowed agents to determine that the "$LowR1der2o9" Cash App account belongs to Juan Carlos Guzman-Sandoval. The SOS's Cash App account had the Target Cell Phone listed as the contact number for Guzman-Sandoval.

10. After the transfer was made, Guzman-Sandoval texted a photograph of a USPS receipt to the CI. This photograph included a tracking number for the parcel and expected arrival date, as well as the date and location in which the parcel was sent from. The parcel was delivered to the address provided by the CI and the parcel arrived at my office a few days later. I opened the parcel and discovered a crystallized substance that was vacuum sealed inside a plastic wrapper. The results of a TRU NARC device tested positive for methamphetamines.

11. In both November and December of 2025, two additional controlled buys were conducted for further amounts of methamphetamine. In arranging these transactions, the CI again provided payment via the "$LowR1der2o9" CashApp account controlled by Guzman-Sandoval.

12. In January 2026, I conducted a review of AT&T records for the Target Cell Phone. As a result of the review, I observed that the subscriber's name and address listed for the Target Cell Phone was Juan Carlos Guzman -Sandoval, with a billing address of 4218 Aberfoil Ave, Oakland, CA 94605. In January 2026, I conducted a search for the Target Cell Phone utilizing Thomson Reuters CLEAR, an

---

believed to be dishonest, deceitful, or unreliable in this investigation. Additionally, investigators have independently corroborated much of the information provided by the CI relative to the investigation. In addition, the CI has participated in controlled purchase operations in the past, which resulted in the seizure of known quantities of suspected controlled substances. Thus, law enforcement believes the CI is a reliable in providing information in this investigation.

[2] Communications between the CI and Guzman-Sandoval took place via the encrypted messaging application xPal.

online public and proprietary records database used by law enforcement and government agencies to verify names and addresses. The search confirmed that the Target Cell Phone is associated with Guzman-Sandoval with the same listed address of 4218 Aberfoil Ave, Oakland, California**.**

13. On May 14, 2026, at approximately 1100 hours, during a controlled purchase operation, Guzman was observed by law enforcement meeting Joaquin Swank, an active Norteno gang member and primary suspect of an ongoing drug trafficking investigation. Guzman-Sandoval and Swank met in the parking lot of a Chase Bank located at 15318 S Harlan Rd, Lathrop, CA 95330. Based on observations from agents present at the scene and later review of security camera footage, Guzman-Sandoval approached Swank's car and gave Swank a brown paper bag. Guzman-Sandoval then left the parking lot.

14. Shortly thereafter, agents stopped both Swank and Guzman-Sandoval. Inside Swank's car, agents found the brown paper bag that Guzman-Sandoval had transferred. Agents searched the bag and found a kilogram of heroin inside. Based on my training and experience, I believe that Guzman-Sandoval knowingly and intentionally gave Swank the kilogram of heroin as part of a narcotics transaction.

15. When agents made contact with Guzman-Sandoval, they found that the Device was in his possession. Based on my training and experience, I believe that Guzman-Sandoval is the primary user of the Device. After being seized, the Device was transferred to and kept in a storage locker at the USPIS domicile located at 2000 ROYAL OAKS DR, SACRAMENTO, CA 95813.

16. Both Guzman-Sandoval and Swank have been federally charged with violations of 21 U.S.C. § 841(a)(1) for their roles in the May 14, 2026 transaction involving the kilogram of cocaine. *See United States v. Guzman, et al.*, 2:26-CR-142-TLN.

## IV. <u>TECHNICAL TERMS</u>

17. Based on my training and experience, I use the following technical terms to convey the following meanings:

a) Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling

communication with other wireless telephones or traditional “land line” telephones. A wireless telephone usually contains a “call log,” which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communication, wireless telephones offer a broad range of capabilities. These capabilities include storing names and phone numbers in electronic “address books;” sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system (“GPS”) technology for determining the location of the device.

b) GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records of the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated “GPS”) consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

c) IP Address: An Internet Protocol address (or simply “IP address”) is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some

computers have static-that is, long-term-IP addresses, while other computers have dynamic-that is, frequently changed-IP addresses.

d) Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

## V. ELECTRONIC STORAGE AND FORENSIC ANALYSIS

18. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

19. There is probable cause to believe that things that were once stored on the Device may still be stored there, for at least the following reasons:

a) Based on my knowledge, training, and experience, I know that computer files or remnants of such files can be recovered months or even years after they have been downloaded onto a storage medium, deleted, or viewed via the Internet. Electronic files downloaded to a storage medium can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on a computer, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

b) Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space-that is, in space on the storage medium that is not currently being used by an active file-for long periods of time before they are overwritten. In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

c) Wholly apart from user-generated files, computer storage media-in particular, computers' internal hard drives-contain electronic evidence of how a computer has been used, what it has been used for, and who has used it. To give a few examples, this forensic evidence

can take the form of operating system configurations, artifacts from operating system or application operation, file system data structures, and virtual memory "swap" or paging files. Computer users typically do not erase or delete this evidence, because special software is typically required for that task. However, it is technically possible to delete this information.

d) Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache."

20. Forensic evidence. As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

a) Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file.

b) Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c) A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d) The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e) Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

21. Nature of examination. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

22. Manner of Execution. Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## VI. CONCLUSION

23. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Device described in Attachment A to seek the items described in Attachment B.

Respectfully submitted,

/s/

Aaron Parker
Postal Inspector
USPIS

Subscribed and sworn to by phone on: September 10, 2026

[signature]
The Honorable Carolyn K. Delaney
UNITED STATES MAGISTRATE JUDGE

/s/ Charles Campbell
Approved as to form by AUSA CHARLES CAMPBELL

**ATTACHMENT A**

The property to be searched is a BLUE APPLE IPHONE WITH A BLACK CASE, hereinafter the "Device." The Device is currently located at 2000 ROYAL OAKS DR, SACRAMENTO, CA 95813. The Device was seized during the arrest of Juan Carlos Guzman-Sandoval on May 14, 2026.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1. All records on the Device described in Attachment A that relate to violations of 21 U.S.C. §§ 846 & 841(a)(1) and involve Juan Carlos Guzman-Sandoval or Joaquin Swank since March of 2025, including:

a. Records related to the purchase and sale of methamphetamines, fentanyl, heroin, and other controlled substances;

b. lists of customers and related identifying information;

c. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

d. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

e. any information recording Guzman's schedule or travel from March 2025 to the present;

f. all bank records, checks, credit card bills, account information, and other financial records.

2. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of California

In the Matter of the Search of

BLUE APPLE IPHONE WITH A BLACK CASE, CURRENTLY LOCATED AT 2000 ROYAL OAKS DR, SACRAMENTO, CA 95813

Case No. 2:26-sw-0831 CKD

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Eastern District of California *(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference.**

**YOU ARE COMMANDED** to execute this warrant on or before September 24, 2026 *(not to exceed 14 days)*

☐ in the daytime 6:00 a.m. to 10:00 p.m. ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to: <u>any authorized U.S. Magistrate Judge in the Eastern District of California.</u>

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for ____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of __________.

Date and time issued: September 10, 2026 at 1:31 pm

Carolyn K. Delaney
*Judge's signature*

City and state: Sacramento, California

Carolyn K. Delaney, U.S. Magistrate Judge
*Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2) (modified)

**Return**

| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

**Certification**

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

Subscribed, sworn to, and returned before me this date.

Signature of Judge Date

# ATTACHMENT A

The property to be searched is a BLUE APPLE IPHONE WITH A BLACK CASE, hereinafter the "Device." The Device is currently located at 2000 ROYAL OAKS DR, SACRAMENTO, CA 95813. The Device was seized during the arrest of Juan Carlos Guzman-Sandoval on May 14, 2026.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1. All records on the Device described in Attachment A that relate to violations of 21 U.S.C. §§ 846 & 841(a)(1) and involve Juan Carlos Guzman-Sandoval or Joaquin Swank since March of 2025, including:

a. Records related to the purchase and sale of methamphetamines, fentanyl, heroin, and other controlled substances;

b. lists of customers and related identifying information;

c. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

d. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

e. any information recording Guzman's schedule or travel from March 2025 to the present;

f. all bank records, checks, credit card bills, account information, and other financial records.

2. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.